**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>630 WEST BROADWAY, LLC et al.,<br><br>　　　　　Defendant. | Case № 2:17-cv-07290-ODW (PJWx)<br><br>Consolidated Case:<br>CV-18-00433-ODW (PJWx)<br><br>**ORDER DENYING PLAINTIFFS' MOTIONS TO AMEND [29] [30]** |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Lawrence Davis filed his Complaint in this action on October 4, 2017. (Compl., ECF No. 1.) He asserted violations of the American with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh") against Defendants 630 West Broadway, LLC, and Royal Palms Post Acute, LLC (collectively, "Defendants"). On June 29, 2018, the Court issued its Scheduling and Case Management Order ("Scheduling Order") in the case, setting October 1, 2018 as the deadline to hear motions to amend the pleadings. (Scheduling Order 24, ECF No. 22.)

Plaintiff Jessie Enriquez filed his Complaint in *Enriquez v. 630 West Broadway, LLC, et al.*, Case No. 18-cv-00433 (C.D. Cal. filed Jan. 17, 2018) ("*Enriquez Action*"), on January 17, 2018. Compl., *Enriquez Action*, ECF No. 1. He also asserted ADA and Unruh violations against Defendants. On May 25, 2018, the Court issued its

Scheduling Order in that action, setting July 6, 2018, as the deadline to hear motions to amend the pleadings. Scheduling Order, *Enriquez Action*, ECF No. 22.

On November 1, 2018, Plaintiffs Davis and Enriquez (collectively, "Plaintiffs") had their expert conduct a site inspection of Defendants' location, leading to a December 6, 2018 expert report relevant to both actions. In January 14, 2019, upon motion of the parties, the Court consolidated the *Enriquez Action* with this matter and ordered that the deadlines in this action govern the consolidated matters. (Order Granting Joint Mot. to Consolidate Cases 2, ECF No. 26.) On February 26, 2019, Plaintiffs each moved for leave to amend their complaints to allege additional architectural barriers that their expert identified at the site inspection. (Mots. For Leave to File First Am. Compl. ("Motions"), ECF Nos. 29, 30.) The Motions are substantially identical so the Court addresses them together. For the reasons discussed below, the Court **DENIES** Plaintiffs' Motions.[1]

## II. LEGAL STANDARD

A Rule 16(b) scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "To permit a party to disregard a Rule 16 order by an appeal to the standards of Rule 15 would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (quoting *Johnson,* 975 F.2d at 610–11). Accordingly, "after the pretrial scheduling order's deadline for amending the pleadings has expired," a party seeking to amend "must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4)" ("Rule 16"). *Neidermeyer v. Caldwell*, 718 F. App'x 485, 488 (9th Cir. 2017) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.* ("*In re W. States*"), 715 F.3d 716, 737 (9th Cir. 2013)).

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

The focus of the good cause inquiry is the diligence, or lack thereof, of the party seeking modification and their reasons for seeking amendment. *Johnson*, 975 F.2d at 609; *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to modify schedule where the plaintiff failed to "demonstrate diligence in complying with the dates set by the district court"). "If [the moving] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. Prejudice to the opposing party may also provide additional reasons to deny a motion. *Id.* Only where Rule 16's good cause standard is met must a court consider whether amendment is proper under Federal Rule of Civil Procedure 15 ("Rule 15"). *See id.* at 608.

### III. DISCUSSION

The Court finds that Plaintiffs have not shown good cause to modify the Scheduling Order to permit the late motions to amend.

Plaintiffs seek leave to amend their complaints to allege additional architectural barriers their expert identified at the November 1, 2018 site inspection because "a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908–09 (9th Cir. 2011). However, the Scheduling Order in this matter set October 1, 2018, as the last day to hear motions to amend pleadings or add parties. That means that, to be timely, Plaintiffs must have moved to amend their complaints no later than September 3, 2018. *See* C.D. Cal. L.R. 6-1. Yet Plaintiffs waited until the end of February 2019 to move to amend, nearly five months beyond the deadline. Even allowing that Plaintiffs did not have the benefit of the expert's site inspection until November 1, 2018, or the expert's report until December 6, 2018, Plaintiffs delayed nearly four months after the inspection and three months after the report to bring their Motions. This does not demonstrate diligence. *See Zivkovic*, 302 F.3d at 1087 ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.") Plaintiffs contend they

demonstrated diligence in seeking amendment because they actively pursued the expert site inspection and, after the site inspection, Plaintiffs had to address consolidation of the actions before they could turn to seeking leave to amend. (Mots. 6–7.) This argument goes to Plaintiffs' choice of priority in litigating this matter and does not support diligence or good cause to allow such a late amendment.

Furthermore, Defendants would suffer prejudice if Plaintiffs were allowed to amend their complaints at this late date. Trial is less than two months away, discovery is closed, and the dispositive motion deadline has passed. Defendants have litigated based on Plaintiffs' operative complaints since October 2017 in this matter and since January 2018 in the *Enriquez Action*. To move the goal-post now, after years of investigation and defense, and after discovery and motion practice is closed, would cause Defendants undue prejudice. *See Oliver*, 654 F.3d at 909 (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (affirming denial of leave to amend because allowing amendment "at this late date" would prejudice the defendant, who had "already incurred substantial litigation costs" in investigating and defending the litigation)).

As Plaintiffs have not established good cause to modify the Scheduling Order, the Court does not reach the question of whether amendment is proper under Rule 15.

### IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motions. (ECF Nos. 29, 30.)

**IT IS SO ORDERED.**

July 2, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**